11705. FOWLER *v.* OVERLAND ROME COMPANY.

BROYLES, C. J. 1. The petition as amended was not subject to the demurrer interposed.
2. Under the pleadings and the evidence, the direction of the verdict for the plaintiff was not error for any reason assigned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 15, 1920.

Trover; from Chattooga superior court — Judge Wright. May 4, 1920.

1. In a bail-trover proceeding by the Overland Rome Company against J. S. Fowler the original petition alleged: Defendant is in possession of certain property to which petitioner claims title, the said property being an automobile, described; defendant re-

fuses to deliver said property to petitioner or pay him the profits thereof; its yearly value is $600, or $50 per month. It was prayed that the petitioner have judgment as provided by law, and that process issue, etc. By amendment it was alleged that the value of the property at the time of the conversion and of the filing of the petition was $965. The defendant demurred to the petition generally and specially, the demurrer was overruled, and to this ruling the defendant excepted. The grounds of demurrer relied upon in the brief of his counsel in this court are, that there is no allegation as to value, upon which a money verdict could be based, and that the petition does not set out the manner and form in which the defendant obtained possession of the automobile, so that the defendant might have the benefit of demurring or pleading more specifically in his defense; and it is contended that the petition should contain " a specific and definite averment as to demand being made for the property."

2.   From the evidence it appears that in May, 1917, the defendant bought from the plaintiff the automobile in question, giving another automobile in part payment and giving for the remainder of the purchase-price his promissory notes for $500 and interest, in which title to the automobile in question was retained in the plaintiff until payment of the notes. The defendant was mustered into the army of the United States in September, 1917, and the notes became due in November, 1917, while he was in the military service at Camp Wheeler, Ga.; and he was in the service at that place when this proceeding was begun and the automobile seized thereunder in June, 1918. He contended that under section 301 of the act of Congress approved March 8, 1918, fixing the civil rights of persons in the military service, this proceeding was unauthorized, but that if such a proceeding was authorized, the plaintiff would be limited to a recovery of the property, after accounting for the payment made on it, and could not recover the balance of the purchase-price. It was testified that no demand for the automobile was made upon the defendant before this proceeding was begun. In his answer to the suit he " admits that he refuses to deliver said automobile to petitioner, . . for the reason that petitioner is not entitled to possession of the same." The court directed a verdict against the defendant for the amount of his notes to the plaintiff; and error is assigned thereon upon the grounds, among

others, that there was no demand for the property prior to the filing of the suit, and that there was no proof that the plaintiff tendered back to the defendant the car traded to the plaintiff as a part of the purchase-price, or offered to account to him for its value, less a reasonable rental.

*Maddox & Doyal,* for plaintiff in error.

*Willingham, Wright & Covington,* contra.